UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FREDERICK DEWAYNE HINES,<br><br>Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA *et al.*,<br><br>Respondents. | Civil No. 23-604 (JRT/JFD)<br><br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S DENIAL OF PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

Frederick Dewayne Hines, MCF-Stillwater, 970 Pickett Street, Bayport, MN 55003, *pro se* Petitioner.

Petitioner Frederick Dewayne Hines is incarcerated and initiated this action against Defendants, asserting they violated his civil rights. Magistrate Judge John Docherty denied Hines' application to proceed *in forma pauperis* ("IFP") because Hines has accrued "three strikes" within the meaning of the Prison Litigation Reform Act of 1996 ("PLRA"). Hines appeals the Magistrate Judge's determination, arguing that an exception to the three-strike rule applies due to imminent danger or serious physical injury to Hines. Because 28 U.S.C. § 1915(g) bars Hines from proceeding IFP in this action, the Court will deny Hines' appeal, affirm the Magistrate Judge's denial of Hines' application, and require Hines to pay a filing fee within the time permitted by this Order or his case will be dismissed without prejudice for failure to prosecute.

## BACKGROUND

Hines filed a complaint against various prison officials alleging violations of his civil rights under 42 U.S.C. § 1983, arguing his constitutional rights were violated when he was raped on or about August 7, 2020, and when prison officials and medical professionals did not follow the proper protocols or procedures and denied him proper medical care. (*See generally* Compl. ¶¶ 41–228, Mar. 13, 2023, Docket No. 1.) Hines further contends that prison officials lost or stole his personal property. (Compl. ¶¶ 229–32.) Hines applied for IFP status in this case. (Appl. Proceed Without Prepaying Fees or Costs, Mar. 13, 2023, Docket No. 2.)

After reviewing Hines' application, the Magistrate Judge found that Hines is a prisoner upon whom the PLRA places certain restrictions in obtaining IFP status. (Order Denying App. ("Order") at 3, Apr. 13, 2023, Docket No. 6.) Applying 28 U.S.C. § 1915(g), the Magistrate Judge determined that Hines had filed three cases in the District of Minnesota that were dismissed and qualify as "strikes." (Order at 4.) Further, the Magistrate Judge concluded that Hines did not put forth evidence that he is under any "imminent danger of serious physical injury," given that Hines alleges he was raped several years ago, and that it appears he is no longer subject to the conditions that gave rise to his claims. (Order at 8 (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).) As a result, the Magistrate Judge concluded that § 1915(g) prohibits Hines from obtaining

IFP status in this case. (*Id.*) Hines has now challenged the Magistrate Judge's denial of his IFP application. (Obj., Apr. 24, 2023, Docket No. 7.)

## DISCUSSION

### I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Skukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). Reversal is only appropriate if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (internal citations omitted). "[T]he district court has inherent power to review the final decision of its magistrates." *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975).

### II. HINES' CLAIMS

The Magistrate Judge's denial of an IFP application is a nondispositive matter that is reviewed only for clear error. *E.g., Perry v. Boston Scientific Family*, No. 13-733, 2013 WL 6328760, at *2 (D. Minn. Dec. 5, 2013); *see* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §

636(b)(1)(C); D. Minn. LR 72.2(b)(3).  The Prison Litigation Reform Act of 1996 ("PLRA") includes a "three strikes" provision in 28 U.S.C. § 1915(g).  Section 1915(g) provides,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).  "The statute's bar does not preclude an inmate from filing additional actions but does deny them the advantages of proceeding *in forma pauperis*."  *Martin*, 319 F.3d at 1050.  The Eighth Circuit has explained that the PLRA's exception for "imminent danger of serious physical injury" only applies if the requisite danger exists at the time the complaint is filed, not when the alleged wrongdoing occurred.  *Id.*  A mere "general assertion" is insufficient to invoke the imminent danger of serious physical injury exception—there must be "specific fact allegations of ongoing physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Id.*

Here, Hines challenges neither the determination that he is a prisoner to whom the PLRA applies nor the finding that he has previously filed three cases that qualify as "strikes."  Instead, Hines challenges the Magistrate Judge's determination that he has not shown imminent danger of serious physical injury.  Hines states that the imminent danger

-4-

exception to the PLRA's three-strike rule applies because of repeated sexual abuse and lack of medical treatment he has experienced while incarcerated.

The Court finds no clear error in the Magistrate Judge's determination that Hines is barred from proceeding IFP in this case by 28 U.S.C. § 1915(g) and that the imminent danger exception does not apply. Hines argues his past alleged rape constitutes an adequate "serious physical injury." (Obj. at 4.) But a past injury is insufficient to qualify under Section 1915(g)'s imminent danger of serious physical injury exception. *See Martin*, 319 F.3d at 1050; *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). To the extent that Hines argues he will be subject to hypothetical future medical injuries based on harms that have already occurred, those potential injuries are not sufficiently definite and likely to prove imminent danger of serious physical injury. For this reason, Mr. Hines' complaint fails to satisfy the "imminent-danger-of-serious-physical-injury" exception to 28 U.S.C. § 1915(g).[1]

## CONCLUSION

Because Hines' complaint fails to satisfy the imminent danger exception to 28 U.S.C. § 1915(g), Hines is barred from proceeding IFP in this case under the three-strike

---

[1] The Court's finding that Hines does not qualify for IFP status does not mean his suit is barred, he must simply pay the filing fee for his suit to continue. As explained by the Magistrate Judge, if Hines does not pay the necessary filing fees, his claims will be dismissed for failure to prosecute.

rule in § 1915. The Court will therefore deny Hines' appeal, affirm the Magistrate Judge's denial of Hines' IFP application, and require Hines to pay a filing fee within the time permitted by this Order or his case will be dismissed without prejudice for failure to prosecute.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal of the Magistrate Judge's Order Denying Plaintiff's application for *in forma pauperis* [Docket No. 7] is **DENIED;**

2. The Magistrate Judge's April 13, 2023 Order [Docket No. 6] is **AFFIRMED**; and

3. Plaintiff has sixty days from the date of this Order to make payment of the full $402 filing fee for this action, failing which this action will be dismissed without prejudice for failure to prosecute.

DATED: June 26, 2023
at Minneapolis, Minnesota.

*John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge