UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FREDERICK DEWAYNE HINES, | Civil No. 23-604 (JRT/JFD) |
| Petitioner, | |
| v. | |
| STATE OF MINNESOTA *et al.*, | ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL |
| Respondents. | |

---

Frederick Dewayne Hines, MCF-Stillwater, 970 Pickett Street, Bayport, MN 55003, *pro se* Petitioner.

Petitioner Frederick Dewayne Hines is incarcerated and initiated this action against Defendants, asserting they violated his civil rights. (*See generally* Compl., Mar. 13, 2023, Docket No. 1.) Hines applied to proceed *in forma pauperis* ("IFP"), which would allow him to pay the filing fee in installments rather than paying the entire amount up front. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Magistrate Judge John Docherty denied Hines's application to proceed IFP because Hines has accrued "three strikes" within the meaning of the Prison Litigation Reform Act of 1996 ("PLRA"). (Order Denying App. at 3–4, Apr. 13, 2023, Docket No. 6.) Hines appealed the Magistrate Judge's determination, arguing that an exception to the three-strike rule applies due to imminent danger or serious physical injury to Hines. (Obj. at 4, Apr. 24, 2023, Docket No. 7.) The Court found no error in the Magistrate Judge's decision and denied Hines's appeal

because 28 U.S.C. § 1915(g) bars Hines from proceeding IFP in this action. (*See* Order Affirming Magistrate Judge's Den. of Pl.'s IFP Appl. at 1, June 26, 2023, Docket No. 13.) Hines appealed the Court's order to the Eighth Circuit. (*See* Notice of Appeal to 8th Circuit, July 14, 2023, Docket No. 14; Am. Notice of Appeal, July 28, 2023, Docket No. 16.) He also applied to proceed with IFP status in his appeal to the Eighth Circuit. (Application to Proceed in Forma Pauperis on Appeal ("Appellate IFP App."), July 31, 2023, Docket No. 17.) The Appellate IFP application is before the Court.

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id*. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *See id.* at 445. An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. MPLS Sch. Dist. No. 1*, No. 14-4462, 2015 WL 1020845, at *1 (D. Minn. Mar. 9, 2015).

Generally, a district court order cannot be appealed to a higher court until after the district court issues a final decision. 28 U.S.C. § 1291. A final decision requires some manifestation by the district court that it has reached "the end of the case." *Hope v. Klabal*, 457 F.3d 784, 789 (8th Cir. 2006). The denial of the application to proceed *in forma pauperis* at the district court is not a final decision because it does not dispose of any of Hines's claims.

An appeal that occurs before the district court issues a final decision is called an "interlocutory appeal." Interlocutory appeals are only permitted in certain circumstances, and courts "discourage piece–meal appeals because most often such appeals result in additional burdens on both the court and the litigants." 28 U.S.C. § 1292(a); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). A district court may allow the interlocutory appeal of an order if it certifies that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Union Cty, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008). The court of appeals only has jurisdiction to hear appeals of final orders or proper interlocutory appeals. 28 U.S.C. §§ 1291, 1292.

The Court finds that Hines has not met the requirements for an interlocutory appeal. Therefore, the Eighth Circuit lacks jurisdiction to hear Hines's appeal, rendering his appeal legally frivolous. *See Slangal v. Cassel*, 962 F. Supp. 1214, 1216–17 (D. Neb.

1997) (finding an action legally frivolous in part because there was no plausible jurisdiction). Given the appeal is legally frivolous, the Court concludes it cannot be considered in good faith and will deny the application to proceed with IFP status.

If Hines is unable to pay the filing fee within 30 days of this order, the Court will dismiss his action for failure to prosecute. That would constitute a final decision, which is appealable to the Eighth Circuit.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed In Forma Pauperis on Appeal [Docket No. 17] is **DENIED;**

2. Plaintiff has thirty days from the date of this Order to make payment of the full $402 filing fee for this action, failing which this action will be dismissed without prejudice for failure to prosecute.

DATED:  August 31, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge