**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

FREDERICK DEWAYNE HINES,

                                                    Civil No. 23-604 (JRT/JFD)
                          Plaintiff,

v.

                                          **ORDER DENYING PLAINTIFF'S MOTION**
STATE OF MINNESOTA, *et al.*,              **FOR CERTIFICATE OF APPEALABILITY**

                          Defendants.


Frederick Dewayne Hines, OID # 245045, Minnesota Correctional Facility – Stillwater, 970 Pickett Street, Bayport, MN 55003, *pro se* Plaintiff.


Hines is incarcerated and initiated this action against Defendants, asserting they violated his civil rights.  Hines applied to proceed in forma pauperis ("IFP") in this action both before the Court and on appeal.  The Court denied Hines's applications and allowed Hines until September 30, 2023 to pay the filing fee.  Hines now requests the Court issue a certificate of appealability to the Eighth Circuit.  Because Hines has not paid the filing fee, the Court will dismiss this action without prejudice for failure to prosecute.  And because that dismissal constitutes a final decision which is appealable to the Eighth Circuit, the Court will deny Hines's Motion for a Certificate of Appealability as moot.

**BACKGROUND**

Hines filed a complaint for civil rights violations pursuant to 42 U.S.C. § 1983.  (*See generally* Compl., Mar. 13, 2023, Docket No. 1.)  The Magistrate Judge denied Hines's

application to proceed IFP because Hines has accrued "three strikes" within the meaning

of the Prison Litigation Reform Act of 1996.  (Order Den. IFP Appl. at 3–4, Apr. 13, 2023,

Docket No. 6.)  The Court denied Hines's appeal from the Magistrate Judge's decision

because 28 U.S.C. § 1915(g) bars Hines from proceeding IFP and the "imminent danger"

exception does not apply.  (*See* Order Affirming Magistrate Judge's Den. of Pl.'s IFP Appl.

at 1, June 26, 2023, Docket No. 13.)

Hines appealed the Court's order to the Eighth Circuit.  (*See* Notice of Appeal to 8th

Cir., July 14, 2023, Docket No. 14)  Hines applied to proceed IFP in his appeal to the Eighth

Circuit.  (Appl. to Proceed In Forma Pauperis on Appeal, July 31, 2023, Docket No. 17.)

The Court denied Hines's application.  (*See* Order Den. Pl.'s Appl. to Proceed In Forma

Pauperis on Appeal at 4, Aug. 31, 2023, Docket No. 18.)  The Court held that the appeal

was not taken in good faith because it was an improper interlocutory appeal.  (*See id.* at

3–4.)  The Court also warned Hines that this action would be dismissed without prejudice

for failure to prosecute if he failed to pay the filing fee within thirty days from August 31,

2023.  (*See id.* at 4.)  The Court explained that a dismissal for failure to prosecute would

be a final decision appealable to the Eighth Circuit.  (*Id.*)  Hines now requests the Court

issue a Certificate of Appealability to the Eighth Circuit.   (Mot. for Certificate of

Appealability, Sept. 25, 2023, Docket No. 20.)

## DISCUSSION

To begin, the Court will dismiss Hines's action without prejudice for failure to

prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Court allowed Hines

until September 30, 2023 to pay the filing fee of $402.  As of the date of this order, he has

not done so.

Because the Court will dismiss Hines's action, resulting in a final decision, his

Motion for Certificate of Appealability is moot.  As the Court explained in its previous

order, a district court order generally cannot be appealed to a higher court until after the

district court issues a final decision.  28 U.S.C. § 1291.  A final decision requires some

manifestation by the district court that it has reached "the end of the case."  *Hope v.*

*Klabal*, 457 F.3d 784, 789 (8th Cir. 2006).

An appeal that occurs before the district court issues a final decision is called an

"interlocutory appeal."   Interlocutory appeals are only permitted in certain

circumstances, and courts "discourage piece–meal appeals because most often such

appeals result in additional burdens on both the court and the litigants."  28 U.S.C.

§ 1292(a); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted).  When the

district court issues a certificate of appealability, an interlocutory appeal is allowed.  28

U.S.C. § 1292(b); *Union Cty, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir.

2008).  The court of appeals only has jurisdiction to hear appeals of final orders or proper

interlocutory appeals.  28 U.S.C. §§ 1291, 1292.  In other words, the Eighth Circuit has

automatic jurisdiction over appeals from final orders while interlocutory appeals

generally require the district court to issue a certificate of appealability.

Because the Court will dismiss Hines's action, this Order constitutes a final decision of the Court. The action is no longer in an interlocutory posture, and the Court has reached "the end of the case." *See Hope*, 457 F.3d at 789. Therefore, Hines may appeal to the Eighth Circuit without a Certificate of Appealability from the Court. *See* 28 U.S.C. § 1291; *Anderson v. Langley*, 84 F. App'x 710 (8th Cir. 2003) (per curiam) (taking appeal of 28 U.S.C. § 1915(g) decision following dismissal for failure to pay filing fee). Accordingly, the Court will deny Hines's Motion for a Certificate of Appealability as moot.[1]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that (1) Plaintiff's action is **DISMISSED without prejudice** for failure to prosecute, and (2) Plaintiff's Motion for a Certificate of Appealability [Docket No. 20] is **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 11, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[1] Hines also references a separate complaint related to alteration of legal filings in the Motion before the Court. That Complaint is part of a separate action. *See Hines v. State of Minnesota, et al.*, Civil No. 23-2251 (JRT/LIB). The Court will not address that action in this Order.