UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FREDERICK DEWAYNE HINES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA, *et al.*,<br><br>Defendant. | Civil No. 23-604 (JRT/JFD)<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

---

Frederick Dewayne Hines, OID Number 245045, Minnesota Correctional Facility—Stillwater, 970 Pickett Street, Bayport, MN 55003, *pro se* Plaintiff.

The Court previously denied Plaintiff Frederick Dewayne Hines's application to proceed *in forma pauperis* ("IFP") in this action because he has accrued "three strikes" under 28 U.S.C. § 1985(g) and did not allege an imminent danger of serious physical injury. (*See* Order Affirming Magistrate Judge's Den. at 4–6, June 26, 2023, Docket No. 13.) When Hines failed to timely pay the filing fee of $402, the Court dismissed this action without prejudice for failure to prosecute. (*See* Order Den. Pl.'s Mot. for Certificate of Appealability at 1–3, Dec. 11, 2023, Docket No. 23.) Hines filed a notice of appeal and seeks to proceed IFP on appeal. (*See* Appl. to Proceed IFP on Appeal, Jan. 2, 2024, Docket No. 26.) Because Hines's appeal has no arguable basis in law or fact, the Court will deny his application to proceed IFP.

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id*. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *See id.* at 445. An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Without fully rehashing its prior orders, the Court will reiterate that Hines's allegations of past harm do not satisfy the imminent danger exception to the three strikes rule. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Because Hines cannot overcome the three strikes rule and has not paid the filing fee, his appeal of the Court's order dismissing his complaint for failure to prosecute is frivolous. Accordingly, the Court will deny his application to proceed IFP on appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed IFP on Appeal [Docket No. 26] is **DENIED.**

DATED:  April 30, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge